IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JEREMY MILLER**  PLAINTIFF

VS.  CIVIL ACTION NO. 3:23-cv-3041-KHJ-MTP

**JOSHUA HARTFIELD, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,
TREY WALKER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, and
RICHLAND POLICE DEPARTMENT
AND JOHN DOES 3-10**  DEFENDANTS

---

**AMENDED COMPLAINT
JURY TRIAL DEMANDED**

---

**COMES NOW**, the Plaintiff, Jeremy Miller, by and through counsel and files this, his Amended Complaint against Defendants Joshua Hartfield, Individually and in His Official Capacity and John Does 3-10 and adding Defendants Trey Walker, Individually and in His Official Capacity and the Richland Police Department as John Does 1 and 2. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 of the United States Constitution, and in support thereof, the Plaintiff would show unto this Honorable Court the following:

**JURISDICTION AND VENUE.**

1. This Court has jurisdiction over the federal constitutional claims in this matter pursuant to 42 U.S.C. 1983.

**PARTIES**

2. Plaintiff Jeremy Miller is an adult citizen of Rankin County, Mississippi.

3. Defendant Joshua Hartfield, individually and in his official capacity, is or was employed by the Richland Police Department, who at material times assisted facilitated,

1

supervised, exercised control over and/or had responsibility for the actions which caused or contributed to Plaintiff's injuries and damages.

4. Defendant Trey Walker, individually and in his official capacity, is or was employed by the Richland Police Department, who at material times assisted facilitated, supervised, exercised control over and/or had responsibility for the actions which caused or contributed to Plaintiff's injuries and damages.

5. Defendant Richland Police Department did at material times assist, facilitate, supervise, exercise control over and/or had responsibility for the actions which caused or contributed to Plaintiff's injuries and damages.

6. Defendants John Does 3-10 are individuals or public bodies as yet unknown and unidentified to Plaintiff who at material times assisted, facilitated, supervised, exercised control over and/or had responsibility for the actions which caused or contributed to Plaintiff's injuries and damages.

**FACTS**

7. On or about October 26, 2020, Miller and an acquaintance, Tony Ross, (hereinafter "Ross"), encountered each other at a Raceway gas station, where Miller was in the process of refueling his 2003 Chevrolet Cobalt.

8. After he had refueled, Miller agreed to assist Ross in transporting some of Ross's girlfriend's possessions from Walmart at 200 Marketplace Drive, Richland, Mississippi 29318.

9. After moving the items from Walmart to Ross's girlfriend's parents' house, Miller and Ross left via Old Highway 49, with Ross on a motorcycle and Miller following in his car.

10. Along the way, Ross shouted to Miller that shots were being fired. Concerned for their safety, Ross directed Miller to accelerate and overtake any encountered vehicles to avoid potential danger.

11. Adhering to Ross's warning and perceiving what sounded like gunfire, Miller increased his speed. Shortly thereafter, Miller noticed blue lights behind him and decelerated.

12. After decelerating, Miller remembered Ross's warning about the gunshots and worried that the individual in the car with the blue lights was the shooter. Miller made this assumption in part because he knew that Ross had had past run-ins with the law and Miller was concerned that the property he helped move from Walmart may have been stolen.

13. In a state of panic and fearing for his life, Miller continued to speed until he eventually came to a halt in a neighborhood. Recognizing the potential charges for evading the police, he stopped and sought advice from friends, who recommended turning himself in. Accordingly, Miller contacted the Richland Police Department and/or Rankin County Sheriff's Department and disclosed his location.

14. When he saw the officers approaching, Miller walked toward them to surrender. Despite his clear willingness to cooperate, as evidenced by his compliance and humility, the officers employed excessive force during the detainment.

15. This resulted in numerous injuries for Miller, including bruises and taser burns, notably near his genitals and anus.

16. Immediately following the abusive arrest, while still shaken and fearful, Miller was interviewed without legal counsel and was subsequently taken into custody.

17. As a result of the actions of Defendants, Miller has suffered severe emotional distress and physical injuries.

## COUNT I
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983-EXCESSIVE FORCE

18. Plaintiff incorporates as if re-alleged paragraphs 1-17.

19. Defendants, with deliberate indifference to, and in reckless disregard for the safety and well-being of Plaintiff, and in violation of the 4th Amendment to the U. S.

Constitution, did on October 26, 2020, commit acts which deprived Plaintiff of his constitutional right to be free from excessive force.

20.  Defendants, under the color of law and without justification of cause, did conspire, aid or abet, and did intend to cause grave injury to Plaintiff by way of excessive force.

21.  Plaintiff would further show that no force was warranted against Plaintiff's person under these circumstances as Plaintiff posed no threat to Defendants on October 26, 2020.

22.  As a direct and proximate result of the actions of Defendants, Plaintiff was deprived of his liberty by Defendants who were acting well outside the parameters of law and decency.

23.  As a result of the excessive use of force by Defendants, Plaintiff has suffered physical injuries and severe long-term psychological damage, including PTSD and anxiety.

**COUNT II**
**DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**
**EXCESSIVE FORCE – TASER USE**

24.  Plaintiff hereby incorporates paragraphs 1-23 as if fully set forth herein.

25.  On or about October 26, 2020, Defendants, under the color of law, with deliberate indifference to, and in reckless disregard for the safety and well-being of the Plaintiff and in violation of Plaintiff's constitutional rights, did on October 26, 2020, commit many acts which deprived Plaintiff of his constitutional rights to be free from excessive force by deploying taser devices and used them repeatedly against Plaintiff in his posterior and groin while he was subdued and compliant.

26.  Defendants did not have justification or cause for using force by way of tasering Plaintiff while he was defenseless, compliant, and subdued.

4

27. At no point did Plaintiff give any justification or cause for the use of force by Defendants. Rather, he was at all times compliant and submissive. Clearly, no force at all was warranted against his person under the circumstances.

28. As a direct and proximate result of the actions of the Defendants, Plaintiff was deprived of his constitutional right to be free from the use of force, by way of tasering, by Defendants, who were acting far outside the parameters of law and decency.

29. As a result of the excessive use of force by Defendants, Plaintiff suffered physical injuries, burns and continues to suffer from long-term psychological damage, including PTSD and anxiety.

### COUNT III
### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
### EXCESSIVE FORCE – PHYSICAL ASSAULTS

30. Plaintiff hereby incorporates paragraphs 1-29 as if fully set forth herein.

31. Plaintiff would show that Defendants, under the color of law, with deliberate indifference to, and in reckless disregard for the safety and well-being of the Plaintiff and in violation of his constitutional rights, did on or about October 26, 2020, commit specific acts which deprived Plaintiff of his constitutional rights to be free from excessive force.

32. Defendants repeatedly punched, kicked, put a gun to his head, beat, and otherwise used unwarranted force against Plaintiff while he was subdued, compliant, and not resisting.

33. Defendants did not have justification or cause for using force by way of kicking, punching, beating Plaintiff and placing a gun to his head while he was defenseless, compliant, and subdued.

34. At no point did Plaintiff give any justification or cause for such use of violent force by Defendants. Clearly, no force was warranted against his person under the circumstances.

35. As a direct and proximate result of the actions of the Defendants, Plaintiff was deprived of his constitutional right to be free from the use of force by way of being repeatedly punched, kicked, had a gun put to his head and beaten by Defendants, who were acting far outside the parameters of law and decency.

36. As a result of the excessive use of force by Defendants, Plaintiff suffered physical injuries and continues to suffer from long-term psychological damage, including PTSD and anxiety.

## COUNT IV
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
## FAILURE TO INTERVENE

37. Plaintiff hereby incorporates paragraphs 1-36 as if fully set forth herein.

38. Defendants consciously deprived Plaintiff of his constitutional rights.

39. Each Defendant law enforcement officer had a realistic opportunity to intervene and prevent the harm done to Plaintiff.

40. Each Defendant officer knew that the Plaintiff's constitutional rights were being violated and no Defendant officer took any reasonable step to intervene.

41. At all times relevant herein, when any one of Defendant officers was not actively participating in any specific action described in this Complaint, the officer was, in-fact, failing to take action to prevent another Defendant officer from violating the law.

42. Therefore, all Defendants are liable for all the acts described herein.

43. Defendants' actions are pursuant to a purposeful ongoing, concerted policy, practice, or custom undertaken with the intent to violate the Plaintiff's constitutional rights.

44. As a direct and proximate result of the actions or omissions of the Defendants, acting far outside the parameters of law and decency, Plaintiff was deprived of his constitutional right to be free from the use of excessive force.

45. As a result of the Defendants' failure to intervene and protect his constitutional rights, Plaintiff suffered physical injuries and continues to suffer from injuries and long-term psychological damage, including PTSD and anxiety stemming from the trauma of the incident.

## COUNT V
## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
## *MONELL* LIABILITY

46. Plaintiff hereby incorporates paragraphs 1-45 as if fully set forth herein.

47. Defendant Richland Police Department is liable to Plaintiff for depriving Plaintiff of his constitutional rights because it adopted, recognized, and/or allowed de facto policies or customs, specifically but not limited to, using excessive force and failing to intervene.

48. High ranking officials within the Richland Police Department were aware of or recklessly disregarded the offensive conduct of their officers, specifically but not limited to, officers using excessive force and failing to intervene when observing fellow officers using excessive force.

49. Defendant Richland Police Department knew that it was a constitutional violation of a person's rights when excessive force is used, knew their officers were using excessive force, and allowed its officers to continue to use excessive force thereby establishing a de facto policy or custom of permitting officers to use excessive force.

50. Further, Defendant Richland Police Department is liable to Plaintiff for failure to train its officers on the proper use of force and/or failure to properly supervise its officers.

51. Defendant Richland Police Department was deliberately indifferent to the risk of constitutional harm to Plaintiff when it failed to train and/or supervise its officers.

52. Defendant Richland Police Department was aware of previous incidents of its officers using excessive force before excessive force was used on the Plaintiff, and it failed to

administer proper initial training or additional training as needed to prevent further constitutional violations and/or failed to supervise its officers to prevent further constitutional violations.

53. As a direct and proximate result of the actions or omissions of the Defendant Richland Police Department, acting far outside the parameters of law and decency, Plaintiff was deprived of his constitutional right to be free from the use of excessive force, and Plaintiff suffered physical injuries and continues to suffer from injuries and long-term psychological damage, including PTSD and anxiety stemming from the trauma of the incident.

54. Defendant Richland Police Department is liable under *Monell* liability.

## DAMAGES

55. Plaintiff hereby incorporates paragraphs 1-54 as if fully set forth herein.

56. Defendants acted with actual malice towards Plaintiff and intended to cause injury to Plaintiff with their despicable, violent conduct.

57. Defendants consciously and deliberately assaulted Plaintiff and they possessed a willful and conscious disregard for the rights of the Plaintiff and the public at-large to be free from the use of dangerous, excessive force.

58. Defendant Richland Police Department adopted a de facto policy or custom of allowing officers to use excessive force or recklessly disregarded its existence and further failed to train its officers on the use of force and/or failed to supervise its officers.

59. Damages are required to punish these Defendants in order to deter similar misconduct in the future by all Defendants, lest such egregious human rights violations repeat themselves.

60. Furthermore, Plaintiff seeks damages for physical and mental abuse as well as other damages for physical injuries and an award for reasonable court costs, including attorney fees and litigation costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for compensatory damages plus interest and costs, in an amount to be determined at trial, as well as court fees, attorney fees, and all other equitable relief this Court deems appropriate and to which the Plaintiff may be entitled.

Respectfully submitted,

**JEREMY MILLER, PLAINTIFF**

By: _____
JAMES D. SHANNON,
Attorney for Plaintiff

**SHANNON LAW FIRM, PLLC**
James D. Shannon (MSB #6731)
100 W. Gallatin Street
Hazlehurst, MS 39083
Phone:  601-894-2202
Facsimile: 601-894-5033