UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEREMY MILLER                                                                                      PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:23-CV-3041-KHJ-MTP

JOSHUA HARTFIELD, et al.                                                               DEFENDANTS

ORDER

Before the Court is Defendant Joshua Hartfield's [24] Motion to Dismiss. The Court grants the motion but allows Plaintiff Jeremy Miller an opportunity to seek leave to amend. If Miller fails to file a properly supported motion for leave to amend by June 25, 2024, the Court will enter a final judgment for Defendants.

I.      Background

The Court has previously described the background of this case, which arises from alleged police brutality in Rankin County. *See* Order [27] at 1–3.

A prior Order dismissed some of Miller's claims. The Court dismissed with prejudice all claims against Defendants the Richland Police Department and Trey Walker in his individual capacity. *See id.* at 4–7. The Court dismissed without prejudice Miller's official-capacity *Monell* claim. *See id.* at 7–11.

Defendant Joshua Hartfield moved to dismiss all remaining claims against him: individual-capacity claims for excessive force and failure to intervene, as well as an official-capacity *Monell* claim. *See* [24]; Am. Compl. [2] ¶¶ 18–54. He argued that the individual-capacity claims fail because the Amended Complaint "fails to

articulate or provide specific and definite facts identifying what Hartfield supposedly did," let alone overcoming qualified immunity. *See* Hartfield's Mem. [25] at 2–3; *see also* [2] (mentioning Hartfield in only one paragraph).[1] And he argued that the official-capacity claim fails for the reasons set forth in the Court's [27] Order. *See* [25] at 2 & n.1; Hartfield's Reply [31] at 1–3.

II.     Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 90 F.4th 814, 817 (5th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). The Court "accepts all well-pleaded facts as true" but "does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (cleaned up).

"[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Asante-Chioke v. Dowdle*, No. 23-30694, 2024 WL 2842206, at *3 (5th Cir. June 5, 2024) (quotation omitted). "A plaintiff seeking to overcome

---

[1] That one paragraph states: "Defendant Joshua Hartfield, individually and in his official capacity, is or was employed by the Richland Police Department, [and] at material times assisted[,] facilitated, supervised, exercised control over and/or had responsibility for the actions which caused or contributed to Plaintiff's injuries and damages." [2] ¶ 3.

2

qualified immunity 'must specifically identify each defendant's personal involvement in the alleged wrongdoing.'" *Jimerson v. Lewis*, 94 F.4th 423, 428 (5th Cir. 2024) (quotation omitted). "It is the plaintiff's burden to demonstrate that qualified immunity is inappropriate." *Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021).

III. Analysis

Miller's Amended Complaint fails to state an individual-capacity or official-capacity claim against Hartfield. But the Court will allow Miller an opportunity to seek leave to amend by June 25, 2024.

A. Individual-Capacity Claims

Miller's Amended Complaint fails to state an individual-capacity claim against Hartfield. The Amended Complaint includes no factual allegations about what Hartfield in particular allegedly did—or failed to do. *See* [2]. The Amended Complaint does not specify whether and how Hartfield used excessive force against Miller. *See id.* Nor does it specify whether and how Hartfield failed to intervene. *See id.* Without specific factual allegations about Hartfield's involvement in the alleged events, Miller cannot state an individual-capacity claim.

Miller also fails to plead "specific facts that . . . defeat a qualified immunity defense." *Asante-Chioke*, 2024 WL 2842206, at *3 (quotation omitted). The Amended Complaint offers no factual allegations about Hartfield's "personal involvement in the alleged wrongdoing." *Jimerson*, 94 F.4th at 428 (quotation omitted).

3

To be sure, Miller may be able to state a claim in a future pleading. In his response memorandum, Miller asserts that he "was viciously and violently attacked by Defendant Hartfield" and suffered harm "at the hands of [Hartfield]." [30] at 1, 3. But as the Amended Complaint stands, Miller fails to state an individual-capacity claim against Hartfield. The Court therefore dismisses all individual-capacity claims against Hartfield without prejudice.

B. Official-Capacity Claim

Miller's Amended Complaint also fails to state an official-capacity *Monell* claim. The Court has already addressed this issue in a prior Order, which it incorporates by reference. *See* [27] at 7–11. Miller fails to allege factual matter supporting a plausible *Monell* claim, so the Court dismisses that claim without prejudice. *See id.*

The Court is sensitive to Miller's Catch-22 argument: that he "does not have access to most [information underlying a *Monell* claim] without the opportunity to conduct discovery." [30] at 4; *see also* Nancy Leong et al., *Pleading Failures in Monell Litigation*, 73 Emory L.J. 801, 839–40 (2024). But the law is settled: "To survive a motion to dismiss, [Miller's] *Monell* pleadings must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 284–85 (5th Cir. 2020) (cleaned up). The Amended Complaint lacks that factual matter, so it cannot survive a motion to dismiss. *See* [27] at 7–11. The Court dismisses this claim, too, without prejudice.

C. Leave to Amend

The Court has now dismissed all claims—some with prejudice and some without—against all Defendants. *See* [27] at 12; *supra* pages 3–5. But the Court will allow Miller an opportunity to seek leave to amend, if he so desires.

Miller may file a procedurally proper motion for leave to amend by June 25, 2024, attaching a proposed amended pleading that includes all specific factual allegations underlying his individual-capacity claims against Hartfield and his official-capacity *Monell* claim. *See* L.U. Civ. R. 7(b)(2). If Miller does not seek leave to amend by June 25, 2024, the Court will enter a final judgment for Defendants.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Defendant Joshua Hartfield's [24] Motion to Dismiss. If Miller does not seek leave to amend by June 25, 2024, the Court will enter a final judgment for Defendants.

SO ORDERED, this 11th day of June, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE